UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JAMES M. JOHNSON )
)
)
v. ) No. 2:13-cv-17
) *Judge Jordan*
)
DR. PAUL, *et al.* )

## MEMORANDUM and ORDER

On March 21, 2013, service was executed on Dr. Paul, the sole remaining defendant in this *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983, (Doc. 7). Because no answer was filed on behalf of defendant doctor, the Court entered a show cause order, requiring plaintiff to show cause why he had not requested a default in regard to that defendant, (Doc. 11).

Plaintiff did not respond appropriately to the show cause order, but instead filed a motion to appoint counsel, i.e., "legal aid", to represent him, explaining that he did not understand the law or his rights in this case.

Because the claims in this action are straightforward and the issues not complex and because the appointment of counsel in a civil case is discretionary, *see Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987), and is justified only in exceptional cases with complex legal and factual issues, *see Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993), the Court **DENIES** plaintiff's motion to appoint counsel to represent him, (Doc. 12).

While the Court sympathizes with a *pro se* inmate who is unschooled in the intricacies of procedural rules and while the Court affords plaintiff some latitude as a *pro se* prisoner in the drafting of his legal papers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he is still expected to

comply with the relevant rules of procedure, *see, e.g., Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991), and to file a proper response to the show cause order. It remains that defendant was served with process more than seventeen (17) months ago, yet has failed to respond to the complaint. It likewise remains that plaintiff has not moved for entry of judgment by default.

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE**, based upon plaintiff's failure to prosecute. *See* Rule 41(b) of the Federal Rules of Civil Procedure.

Finally, plaintiff's motion for medical treatment is **DENIED** as **MOOT**, (Doc. 10).

A separate judgment will follow.

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE